By the Court.
The statute does not make the offense charged a joint one and neither does any one of the counts of the indictment. The offense is not inherently joint but joint and several; it may be committed by one person or any number of persons, the same as any offense of larceny, conversion or embezzlement.
Stephens and Everett v. State, 14 Ohio, 386, has been urged to sustain the ruling of the court below.
A careful reading and analysis of this case, in connection with the syllabus, shows that it has not the slightest application to the case at bar. The syllabus reads:
“On an indictment charging two persons with the commission of a joint offense, both cannot be convicted upon proof that each one committed an act constituting ah offense similar to the act charged in the indictment.”
Undoubtedly this is the law, but it has no relevancy to the case at bar, since the question in this case is “whether or not either defendant singly and alone could be convicted of the offense charged in the indictment.” In the Stephens-Everett case, supra, the trial court held that both might be con *134 victed, though the evidence did not show that they were both engaged in the same act. The trial judge held, in effect, that though one defendant separate and alone made one unlawful sale of liquor, and the other defendant separate and alone another unlawful sale, they both might be convicted of the same act.
Of course, this was not the law and the result was reversal. The court erred in sustaining the motion on that ground.
But it is urged that the indictment itself did not state an offense against either defendant, and, therefore, though the court may have been wrong as to its reason, ,it was right as to its judgment. The particular section under which this indictment was drawn is Section 12473, General Code. It is urged that Section 44 of what is known as the Thomas banking act is the basis of this prosecution; that the codifying commission split up this section into Sections 12472, 12473 and 12474, but did not in anywise change or -intend to change the description of the offense or the elements necessary to constitute the offense.
An examination of the federal statute from which the Ohio statute was evidently taken, also the earlier Ohio statutes before codification and after codification, persuades us that it was the intention of the legislature to make the phrase “with the intent in any such case to defraud or injure,” an essential part of each offense under old Section 44 of the Thomas banking act, and of Section 12473, General Code, which is a part of said Section 44.
*135 Therefore, the indictment in this case does not charge an offense, and upon this ground the action of the court dismissing the defendant, Keith, was justified. Exceptions are, therefore, overruled.

Exceptions overruled.

Nichols, C J., Shauck, Johnson, Donahue, Wanamaker and Newman, JJ., concur.